OPINION
Appellant Raymond Riley appeals the decision of the Stark County Court of Common Pleas that upheld Appellee Jackson Township Board of Trustees' ("Board") decision to terminate appellant's part-time employment with the Jackson Township Police Department. The following facts give rise to this appeal. On June 21, 1998, while off-duty and playing baseball for the Jackson Township Police Patrolman's Association, appellant became involved in a fight that erupted during the game against Alibi Lounge. When the fight ensued, members from both teams ran onto the field, including appellant. A pile-up occurred and Alibi Lounge player, Jeff Dickerhoof, was on the bottom of the pile. The day after this incident, Jeff Dickerhoof filed a citizen's complaint in which he claimed he was punched numerous times while on the bottom of the pile-up. Chief Paar, upon receipt of Dickerhoof's citizen's complaint, ordered Jackson Township Police Lieutenant Rudy to investigate the incident. Lieutenant Rudy interviewed and took statements from approximately twenty-eight witnesses. Following completion of the investigation, the Massillon City Prosecutor determined that criminal charges would not be filed, but that internal charges should be filed against appellant for violation of the Jackson Township Police Department's rules and regulations pertaining to truthfulness and deportment. The Board conducted a hearing on this matter on August 11, 1998, and August 18, 1998. Following thirteen hours of testimony, the Board found appellant guilty of violating the department's rules and regulations on truthfulness and deportment. As a result of its finding, the Board terminated appellant's employment on August 24, 1998. Appellant appealed the Board's decision to the Stark County Court of Common Pleas. By judgment entry dated February 19, 1999, the trial court determined that the Jackson Township Police Department failed to comply with certain rules and regulations and remanded for further proceedings. Thereafter, the Board vacated its decision issued on August 24, 1998. Appellant requested reinstatement to his former position. The Board did not grant appellant's request. The Board subsequently appointed an administrative hearing officer to conduct a predisciplinary hearing. Mr. Ralph Boger conducted this hearing on March 12, 1999, and submitted a report to the Board finding that appellant violated departmental rules and recommended termination. The Board conducted a hearing on April 27, 1999. By agreement of the parties, the transcript of the earlier proceedings was admitted into the record for consideration by the Board in conjunction with the April 27, 1999 proceedings. The transcript of the hearings before Mr. Boger was also admitted. Several new witnesses offered testimony on behalf of appellant. The first witness, Keith Lowry, is a polygraph examiner. Mr. Lowry testified that based on the polygraph results, he believed appellant testified truthfully when he stated that he did not strike Mr. Dickerhoof. Appellant submitted testimony and a tape recording concerning a conversation between a former Jackson Township Police Officer, Lieutenant Wilson, and Mr. David Hutton in support of his argument that he was being used as a "scapegoat." Appellant also submitted testimony and a tape recording that contained a prior conversation between appellant and the investigating officer, Lieutenant Rudy, in support of appellant's claim that he was "set-up." Finally, appellant testified on his own behalf. Counsel for Jackson Township did not offer any new evidence, but instead relied upon the previous testimony and transcripts before the Board and the hearing officer. On April 29, 1999, the Board passed a resolution finding appellant violated certain departmental rules and terminated appellant from his employment under 505.491. Appellant timely filed a notice of appeal to the Stark County Court of Common Pleas on May 7, 1999. The trial court affirmed the Board's decision to terminate appellant's part-time employment on September 16, 1999. Appellant filed a notice of appeal to this court and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DECISION OF THE TRUSTEES FINDING APPELLANT GUILTY WAS SUPPORTED BY A PREPONDERANCE OF THE SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE AND WAS REASONABLE.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THE DECISION OF THE TRUSTEES TERMINATING APPELLANT WAS SUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE AND WAS REASONABLE.
 Standard of Review
The scope of our review of appeals from orders of administrative officers and agencies is set forth in R.C. 2506.04 as follows:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. * * *
 I, II
We will address appellant's First and Second Assignments of Error simultaneously as both concern whether the trial court properly terminated appellant's part-time employment with the Jackson Township Police Department. Appellant maintains, in his First Assignment of Error, that the trial court abused its discretion when it found the Board's decision, that appellant was guilty of violating departmental rules and regulations, was supported by substantial, reliable and probative evidence. In his Second Assignment of Error, appellant maintains the trial court abused its discretion when it found that the Board's decision terminating his part-time employment was supported by a preponderance of substantial, reliable and probative evidence. We disagree with both assignments of error. In support of these assignments of error, appellant contends the trial court completely overlooked any evidence presented on his behalf. Appellant points out that the trial court did not mention testimony presented by any of his witnesses and failed to consider the fact that appellant passed a polygraph test. Appellant claims he ran out onto the field to assist Todd Macaluso and Ty Bissler who were being assaulted by players from the Alibi Lounge team. Appellant notes that he was wearing red batting gloves when he ran onto the field and no witnesses testified that the person who struck Mr. Dickerhoof was wearing batting gloves. Finally, appellant notes that Mr. Dickerhoof selected Patrolman Hedrick as the person who hit him. In his First Assignment of Error, appellant challenges the trial court's finding that he violated departmental rules and regulations. We find a review of the entire transcript and record establishes that there is substantial, reliable and probative evidence to support the trial court's conclusion. Chief Paar, of the Jackson Township Police Department, conducted his own investigation into this matter and recommended that appellant be terminated for violation of departmental rules on truthfulness and deportment. At the initial hearing before the Board, twenty-three witnesses testified. The Board members had the opportunity to observe the demeanor of these witnesses and determine the credibility of each witness. Although the witnesses presented conflicting testimony, we find the testimony presented by Patrick Ater, Fred Herman and Lieutenant Rudy supports the trial court's conclusion. At the hearing conducted on August 11, 1998, Patrick Ater testified that he saw appellant strike Mr. Dickerhoof two or three times. Tr. Aug. 11, 1998, at 165-166. Fred Herman testified, at this same hearing, that he observed appellant run out onto the field and "[throw] a forearm into the pile" and act very aggressive. Id. at 182-183. Mr. Herman easily identified appellant because he grew up in the same neighborhood as appellant and over the years had played in softball leagues with appellant. Id. at 184. Finally, Lieutenant Rudy testified that when he interviewed Mark Hedrick concerning this incident, Mr. Hedrick informed him that he observed appellant striking Mr. Dickerhoof. Id. at 43. Upon learning this information, Lieutenant Rudy testified that appellant became a suspect in this incident. Id. Lieutenant Rudy also testified that Patrick Ater told him that he observed appellant hit Mr. Dickerhoof. Id. at 44. Mr. Ater also picked appellant out of a photo line-up and identified him, in person, at a softball game. Id. at 46-47. Further, following a remand of this matter by the trial court, and prior to a second hearing before the Board, Ralph Boger conducted an administrative hearing. Mr. Boger provided a written report wherein he summarized the testimony presented in the hearing and concluded that appellant violated the departmental rules pertaining to truthfulness and deportment. Mr. Boger recommended terminating appellant's employment. Finally, at the hearing conducted before the Board on April 27, 1999, appellant submitted additional testimony and testimony regarding his credibility. Based on our review of the record in this matter, we conclude the trial court's decision affirming the Board's decision to terminate appellant's employment, is supported by a preponderance of reliable, probative and substantial evidence. The trial court did not abuse its discretion in concluding appellant violated departmental rules and regulations. Appellant maintains, in his Second Assignment of Error, that the trial court abused its discretion when it determined the Board's decision to terminate his employment was supported by a preponderance of substantial, reliable and probative evidence. In support of this assignment of error, appellant maintains the evidence presented, at the hearing before the Board, was unreliable and there is no connection between his off-duty conduct and his on-duty responsibilities. Having already reviewed the evidence we find supports the trial court's conclusion that appellant violated departmental rules, we also conclude this same evidence supports the trial court's conclusion that the Board properly terminated appellant's part-time employment with the Jackson Township Police Department. Thus, the trial court's decision is supported by a preponderance of reliable, probative, and substantial evidence. Appellant's First and Second Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
HOFFMAN, P.J. and READER, V.J. CONCUR.